PUERTO RICAN INTERNATIONAL PAPER COMPANY LIMITED, demandante y recurrente, *v.* SECRETARIO DE HACIENDA, demandado y recurrido.

*Número:* R-70-344      *Resuelto:* 5 de octubre de 1971

*McConnell, Valdés, Kelley & Sifre* y *Abelardo Ruiz Suria,* abogados de la recurrente; *Gilberto Gierbolini, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR MARTÍNEZ MUÑOZ emitió la opinión del Tribunal.

La recurrente opera en Arecibo una industria exenta bajo las leyes de Incentivo Industrial. Se dedica a la producción de papel en rollos. Para el año 1967 adquirió dos montacargas, [1] para uso en su planta manufacturera. Pagó bajo protesta los arbitrios en relación con dicho equipo y reclamó oportunamente su reembolso. Acordamos revisar la sentencia

---

[1] El equipo se denomina en Inglés "tow-motor forklift truck with clamp".

del Tribunal Superior declarando sin lugar la acción de reintegro.

No existe controversia en cuanto a los hechos. Estos fueron estipulados. La cuestión que se plantea es si el equipo en cuestión está exento del pago de arbitrios a tenor con las disposiciones del Art. 46 de la Ley de Impuestos Sobre Artículos de Uso y Consumo de Puerto Rico, Ley Núm. 2 de 20 de enero de 1956, según fuera enmendado por la Ley Núm. 36 de 31 de mayo de 1963; 13 L.P.R.A. sec. 4046(b)(1)(a).

De conformidad con la estipulación de hechos los montacargas se utilizan única y exclusivamente dentro de los límites de la fábrica de la recurrente. La función que realiza consiste en recoger y conducir los rollos de papel, que es el producto terminado, a un almacén dentro de la misma fábrica y en algunos casos directamente a la plataforma de camiones estacionados en el patio de la propiedad de la recurrente.

Un breve examen de la sentencia recurrida, a la luz de la letra y del propósito de Ley Núm. 36 de 31 de mayo de 1963, nos convence que la misma no debe prevalecer. Al declarar sin lugar la demanda de reintegro, el Tribunal Superior descansó en el inciso (b)(1)(b) del Art. 46 de la referida Ley de Impuestos, el cual no fue enmendado por la Ley Núm. 36, y que lee así:

"(1) *Artículos Exentos del Impuesto.* Cualquiera de los siguientes artículos cuando se usan en una planta manufacturera:

.    .    .    .    .    .    .    .

(b) la maquinaria, camiones o montacargas (*hoisting units*) que se utilicen exclusiva y permanentemente en la conducción de materia prima dentro del circuito de la planta manufacturera."

Sostuvo el Tribunal Superior que la enmienda introducida por la Ley Núm. 36 de 1963 en nada alteró la condición de que, en relación con el equipo aquí envuelto, para tener derecho a la exención, es menester que el mismo se utilice

exclusiva y permanentemente en la conducción de la materia prima dentro del circuito de la planta manufacturera. Los montacargas no se utilizan para conducir *materia prima* de la operación de la recurrente, y sí en el manejo del artículo terminado: rollos de papel. Resolvió que ". . . [a]1 dejar el legislador subsistentes los párrafos (b) al (i) del apartado (b) párrafo (1), del Artículo 46 de la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, dejó confirmada su intención de que quedaran sujetos a tributo los artículos que allí se mencionan."

Ese no fue el propósito de la enmienda. El Art. 46 de la Ley de Impuestos fue enmendado en el año 1963. Mediante la Ley Núm. 36 la maquinaria o equipo adquirido con posterioridad a su aprobación y usado en una planta manufacturera quedó exento del pago de arbitrios. Al definir el término "planta manufacturera" incluyó:

"(3) una fábrica que esté exenta bajo la Ley de Incentivo Industrial de 1954, la Ley de Exención Industrial de Contribuciones de 1948, y cualquier otra ley de exención aprobada subsiguientemente para los mismos fines."

La fábrica de la recurrente es ". . . [u]na comprendida dentro de la definición de 'planta manufacturera' que aparece en la Ley Núm. 36 de 31 de mayo de 1963". Este es un hecho estipulado por las partes.

La letra de la Ley Núm. 36 no ofrece duda alguna que el equipo que, como en el caso de autos, se utilice en una *planta manufacturera* comprendida dentro de una de las definiciones de dicho término que ofrece la ley, como lo es la recurrente, está exento de tributo. Esa es la letra de la Ley. Ese fue el propósito de la legislación que enmendó el inciso (1) (a) del Art. 46 de la Ley de Impuestos Sobre Artículos de Uso y Consumo.

Bajo las disposiciones del referido inciso, antes de su enmienda, la exención sobre maquinaria y equipo se limitaba

al usado en la fase fabril del proceso de manufactura que interviniera con las *materias primas* entre el comienzo y la terminación del proceso de manufactura. ([2])

El Informe Conjunto de las Comisiones de Hacienda y Comercio de la Cámara de Representantes en relación con el proyecto 825 allí originado, que luego se convirtió en la Ley Núm. 36 aprobada el 31 de mayo de 1963 al recibir la firma del Gobernador, expresa claramente el alcance y propósito de esta legislación. Allí se dice (*Diario de Sesiones*, Vol. XVII, T. 3, págs. 1117–1118):

"El P. de la C. 825 tiene el propósito de *armonizar* la administración de la exención dispuesta en el Artículo 46(b)(1) de la Ley de Impuestos Sobre Artículos de Uso y Consumo de Puerto Rico sobre materia prima, maquinaria y equipo usado en plantas manufactureras y en astilleros, con el *nuevo impulso* del desarrollo industrial de Puerto Rico.

.    .    .    .    .    .    .    .

La eliminación del impuesto constituiría un alivio directo para la industria, no tan solo de índole económica, sino que imparte solidez y facilita la promoción. Sería un factor favorable para lograr futuras expansiones y nuevas instalaciones creando así nuevos empleos directos y derivados que habrán de beneficiar grandemente la economía general del país.

El P. de la C. 825 facilitará al Departamento de Hacienda la administración de la Ley de Impuestos Sobre Artículos de Uso y Consumo y le evitará trastornos y dificultades a los industriales *ya que lo único que tienen que probar es que la maquinaria y equipo serán usados en una planta manufacturera.* Por otra parte, el Departamento de Hacienda solo deberá cercio-

---

([2]) Disponía en dicho inciso: (13 L.P.R.A. sec. 4046(b)(1)(a)):

"(b) Maquinaria y Equipo Usados en Plantas Manufactureras y en Astilleros:

(1) *Artículos Exentos de Impuesto.* Cualquiera de los siguientes artículos cuando se usen en una planta manufacturera:

(a) la maquinaria o equipo usado en la fase fabril del proceso de manufactura que intervenga con las materias primas entre el comienzo y la terminación del proceso de manufactura incluyendo el ensanblaje o integración de artículos tributables a que se refiere la sec. 4004 de este título."

rarse que la maquinaria y equipo se utilizarán en una planta manufacturera." (Énfasis nuestro.)

En igual sentido se expresaron las Comisiones del Senado al informar el propósito de dicho proyecto: [3]

"El propósito de este proyecto es enmendar el párrafo (1) (a) del apartado (b) del Artículo 46 arriba citado para dejar claramente expresado que también gozará de exención la maquinaria y equipo que utilice una fábrica que esté exenta bajo la Ley de Incentivo Industrial de 1954, la Ley de Exención Industrial de Contribuciones de 1948 y cualquiera otra ley de exención aprobada subsiguientemente para los mismos fines."

La interpretación que del Art. 46 de la Ley de Impuestos Sobre Artículos de Uso y Consumo hiciera el tribunal sentenciador no cumple la intención legislativa en su esfuerzo de *armonizar* la administración de la exención contributiva de equipo usado en plantas manufactureras con el *nuevo impulso* del desarrollo industrial de Puerto Rico y crear un factor favorable adicional para lograr futuras expansiones y nuevas instalaciones. Creemos oportuno repetir lo dicho en *Textile Dye Works, Inc.* v. *Srio. de Hacienda,* 95 D.P.R. 708, 713 (1968):

". . . [l]as exenciones *industriales* de contribuciones deben interpretarse en forma consonante con su propósito creador. Solo así se cumple la intención legislativa y además esa interpretación fiel y razonable es la interpretación beneficiosa al interés público. La exención industrial de contribuciones no es una gracia, en el viejo sentido de la frase, que el Gobierno de Puerto Rico confiere, sino que es un instrumento que utiliza Puerto Rico, para fomentar la industria y la inversión productiva, todo con el objetivo final de hacer posible una vida civilizada, material y espiritual, para los habitantes del país."

*Se revocará la sentencia del Tribunal Superior, Sala de San Juan, y en su lugar se dictará otra declarando con lugar*

---

[3] Véase el Informe de las Comisiones de Hacienda y de Industria y Comercio del Senado, marcado Anexo B, acompañado al recurso.

*la demanda y ordenando el reintegro de los arbitrios recla-
mados.*

El Juez Presidente, Señor Negrón Fernández, y el Juez
Asociado Señor Martín no intervinieron.